WILLIAM A. COKELEY, Plaintiff, *v.* THE BRONX NATIONAL BANK, Defendant.

Supreme Court, Bronx County, March 24, 1926.

**Depositions — examination before trial of officers and directors of bank — action for money had and received — examination granted as to defendant's request to plaintiff to advance money and agreement to repay — former officers and directors may not be examined except as witnesses not parties.**

In an action for money loaned, plaintiff, who alleges that, while a director of defendant bank, he advanced $3,000 upon the request of defendant's officers and agents, in order to tide over a financial emergency upon defendant's promise to repay said advances, may examine before trial the present officers and directors of said bank as to facts concerning the request made by the bank for the money and the agreement made to repay said loan; but an examination may not be had as to the various loans made by defendant's directors, of which plaintiff's was a part, nor as to a list of notes receivable, which were objected to by a bank examiner, nor the amounts claimed on each and the dates of payments made thereon. Nor is plaintiff entitled to examine the past officers and directors except as the statute permits the taking of a deposition before trial of witnesses other than parties to the action.

MOTION to vacate notice for examination before trial of defendant bank through its present and former officers and directors.

*Kadel, Van Kirk & Reynolds,* for the motion.

*James S. McDonogh,* opposed.

GIBBS, J. Plaintiff instituted an action to recover for money loaned the defendant. The complaint alleges that " at the special instance and request of the defendant, its officers and agents " plaintiff " loaned to the defendant the sum of ($3,000) Three thousand Dollars which the defendant promised and agreed to pay to the plaintiff." It further alleges that demand has been made and that defendant has refused to make payment and that there is now due the plaintiff from the defendant the sum of $3,000 and interest. The answer denies generally the material allegations of the complaint. Plaintiff seeks by notice to examine the defendant bank before trial, through its present and former officers and directors, concerning: (1) Special urgings and requests made by the defendant through its officers and directors between June 1, 1922, and August 1, 1922, to the plaintiff for him to loan and advance to the defendant the sum of $3,000 to tide it over a financial emergency; (2) special promises and agreements made by the

defendant through its officers and agents between the 1st day of June, 1922, and the 1st day of August, 1922, to the plaintiff to repay to him the sum of $3,000 which they urged and requested him to loan to the defendant to tide it over a financial emergency; (3) various loans made by the directors of the defendant on and between said dates, of which loans the said loan of plaintiff for $3,000 was a part; (4) a list of the various notes receivable objected to and set aside by National Bank Examiner Borden between June 1, 1922, and August 1, 1922, because he claimed said notes were bad loans or excessive loans, and which said notes so rejected were replaced by cash advanced by said directors of the defendant including the plaintiff, said advance by him being the sum of $3,000; (5) a list of the various notes mentioned in paragraph 4 hereof, and the amounts collected on same, and on each of said notes, and the dates and amounts of payments made thereon.

The defendant moves to vacate the notice for examination before trial.

Plaintiff, who formerly was a director of the defendant bank, contends that the alleged loan was made under circumstances involving a financial emergency which affected defendant. He urges that the information sought in paragraphs 1 to 5 of the notice of examination before trial is necessary for the purpose of properly presenting his cause on the trial. Were the action based upon some specific agreement between the defendant bank, its directors, officers and the plaintiff, the examination relative to the information sought in paragraphs 3, 4 and 5 of said notice might then be permissible, but the complaint as presently framed sets forth a simple cause of action for money loaned, and plaintiff is entitled only to such information as will enable him to prepare to establish the burden of proof which rests with him. I believe that he should be permitted to examine the present officers and directors of the bank as to the matters specified in paragraphs 1 and 2 of the notice, but not as to the matters contained in paragraphs 3, 4 and 5 thereof. He is not entitled to examine the past officers and directors of the defendant except in the manner prescribed by law relative to the deposition before trial of witnesses other than parties to the action. If he finds it necessary that these witnesses be examined, subpœnas may then issue.

The motion to vacate the notice for examination before trial is denied. The examination, however, is limited to the extent that the plaintiff may only examine the present officers and directors of the defendant bank at such times and in such places as will be provided for in the order to be entered hereon as to items 1 and 2 of said notice. Settle order on notice.